**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In Re Redacted Stored Communications Act, 18 U.S.C. § 2703(a), (c) & (d), Documents Pursuant to Standing Order No. 22-05 (BAH) | **Case No. 25-ml-9999** |

### NOTICE OF FILING REDACTED DOCUMENTS IN RELATION TO 20-ml-01405 UPON CLOSE OF INVESTIGATION

Pursuant to *Matter of Leopold*, D.D.C. Case No. 13-mc-00712, and Standing Order No. 22-05 (BAH), the government provides this Notice of Filing on the unsealed docket of the attached (see Attachment A) "Redacted Docket Materials," in 20-ml-01405, which consist of redacted versions of the following original docket entries:

- Application of the United States for an Order Pursuant to 18 U.S.C. § 2703(d) (Original ECF Dkt. No. 1)

- Proposed Order (Original ECF Dkt. No. 1-1)

- Signed Order (Original ECF Dkt. No. 2)

The items listed above constitute all the relevant documents to be unsealed upon the close of this investigation as set out in *Matter of Leopold*, D.D.C. Case No. 13-mc-00712.   In *Matter of Leopold*, D.D.C. Case No. 13-mc-00712, the Court addressed unsealing of several categories of sealed legal process related to closed investigations: "applications for warrants issued pursuant to the Stored Communications Act ('SCA'), 18 U.S.C. § 2703(a), SCA § 2703(d) orders, pen registers and trap and trace ('PR/TT') devices, *see id.* § 3123, and foreign requests for use of these investigative authorities, pursuant to Mutual Legal Assistance Treaties ('MLATs'), *see id.* § 3512(a)(2)(B)–(C), once those matters are closed."   2020 WL 7481037, ECF 69 at *1 (Dec. 17,

1

2020).   The Court noted that such unsealing could be accomplished by "fil[ing] redacted versions of any documents . . . on a given docket, and then . . . fil[ing] a motion to unseal the case docket indicating the matter is closed and identifying, by filed document number, the unredacted versions of the government-redacted documents to remain under seal."   *Id*. at *3; *see also id*. at *5 (contemplating a government "motion to unseal, indicating that a case is closed and signaling to the Clerk's Office to unseal the case," which motion will "identify each docket entry, *i.e.*, ECF number" to be unsealed, and which should remain sealed).[1]

---

[1] In connection with such unsealing, the D.C. Circuit noted that "the government and court must be able to redact documents in order to protect privacy and law enforcement interests," *Matter of Leopold*, 964 F.3d 1121, 1133 (D.C. Cir. 2020).   Specifically, the Court "ORDERED that the government redact the following information" from filings to be unsealed:

> (1) individuals' names, except for the name of a judicial officer who has issued an order;
> (2) dates of birth;
> (3) Social Security numbers;
> (4) financial account numbers;
> (5) telephone numbers;
> (6) street addresses;
> (7) email account addresses; and
> (8) any other information that directly or indirectly identifies the target of, or witness, investigator, informant, or other person of interest in, a criminal investigation, and regardless of whether the investigation ultimately resulted in criminal charges or a criminal conviction.

*See Matter of Leopold*, D.D.C. Case No. 13-mc-00712, ECF No. 71, slip op. at *15-*16 (Feb. 9, 2021).   In addition, in its *Matter of Leopold* ruling, the D.C. Circuit recognized that sealing – and thus, by extension, redactions could continue to be appropriate to "protect . . . law enforcement interests."   964 F.3d at 1133.

As these documents are hereby filed on the unsealed docket created for purposes of filings pursuant to *Leopold*, the attached redacted documents are now available to the public.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Joni Forster Galvin
Trial Attorney
NY Bar Number 4392874
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 300
Washington, D.C. 20530
(202) 616-0133 telephone
(202) 514-0080 facsimile
Joni.Forster.Galvin@usdoj.gov

3

# ATTACHMENT

# A

*Redacted Docket Materials*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE ███████████ ACCOUNT SERVICED BY ███████████** | ML No. 20-1405<br><br>**Filed Under Seal** |

*Reference:*    *DOJ Ref.* ███████████ *Subject Account:*
███████████████████████

## AMENDED APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* amended application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), to execute a request from ██████  The proposed Order would require ███████████ ("PROVIDER"), an electronic communication service and/or remote computing service provider located in ██████████████ to disclose certain records and other information pertaining to the PROVIDER account associated with ██████████████████████ as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.[1]  The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order.  In support of this

amended application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.  PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.  This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." *See* 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.  Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This amended application to execute ▮▮▮▮ request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[2] which has authorized execution of the request and has

---

[2] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and

delegated the undersigned to file this amended application.  The undersigned has reviewed the request and has confirmed that it was submitted by ███████████ in connection with a criminal investigation and/or prosecution.

4.  A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d).  Accordingly, the next section of this amended application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

<div align="center">

**RELEVANT FACTS**

</div>



5.  ██████████████ are investigating unknown suspects for kidnapping and ██████████████ offenses, which occurred between ████████ and ████████ in violation of the criminal law of ████████████████████████

████████ A copy of the applicable laws is appended to this amended application.  The United States, through the Office of International Affairs, received a request from ████████ to provide the requested records to assist in the criminal investigation and/or prosecution. ████████████

████████████████████████████████████████

████████

6.  According to ██████████████ the victim was found dead in her car in ████

████████████ on ████████ She had been reported missing by her ████████ four days

---

executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

earlier, on ▮▮▮▮▮▮▮  Initially, authorities ruled her death a suicide—she had apparently overdosed on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—but other facts and statements since discovered called into question this initial assessment and gave rise to an investigation into potential kidnapping and incitement to suicide.

7.  Suspicion of foul play arose when it was noted that the victim's car was found in ▮▮▮▮▮▮▮▮▮▮ next to a highway after several days. Authorities believe that had it been there the whole time, it would have been noticed earlier by drivers or ▮▮▮▮▮ who passed through the area daily. Traces of blood were also found in the victim's car. The source of the blood has not yet been determined. Additionally, ▮▮▮▮▮▮▮ recovered a ▮▮▮▮ from the victim's car which contained DNA traces from a male whose identity is currently unknown, causing investigators to suspect that kidnappers might have ▮▮▮▮▮▮▮ ▮▮▮▮▮▮ or worse, and then driven the victim's car to ▮▮▮▮▮▮▮ over ▮▮▮ ▮▮▮ from her home.

8.  The victim's psychologist indicated to police that the victim was experiencing difficulty in her work environment in the months leading up to her death, complaining of being ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ reviewed messages between ▮▮▮▮▮▮▮▮▮ about the victim from ▮▮▮ through ▮▮▮▮ In these messages, ▮▮▮▮▮▮▮ refer to her in derogatory terms and indicate that ▮▮▮▮▮▮▮▮▮▮▮▮ Shortly before her death, the victim wrote in her diary that she was ▮▮▮▮▮▮▮▮

9.  The victim communicated with her psychologist via ▮▮▮▮▮▮ during the ▮▮▮▮▮ using the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ identified this ▮▮▮ account as belonging to the victim during their

review of her mobile phone. The victim's friends also noted that she exchanged messages with them over ███████████████ in which she indicated her troubling work environment and its resulting emotional toll.

10. The victim's ███████ also told ████████████ that she believed the victim was contacted by an unknown person shortly before she disappeared.

11. As part of their investigation, ████████████ reviewed the victim's mobile phone, including information regarding her ████████████ accounts. Additionally, based on information received from PROVIDER, ████████████ determined that the victim's last login to ███████████████████████████████████████ was on ███████████ However, on ███████████ this account was deactivated or deleted. Authorities have ruled out the victim's family members and friends as ███████████████

███████████████████████████████████████████████

following her death. Further, none of her family members or friends knows who the victim's ████████████████ was. Also, none of the persons interviewed as part of the investigation has admitted to notifying ███████ that the victim had passed away. Similarly, no one has an explanation for why the victim's ████████ account suddenly disappeared on ████████ after the victim's body was found and ████████ after she had last logged in.

12. Given the suspicious circumstances of her death and the mystery of how the ████████ account ███████████████████████████████ was ████████ deleted, ████████████████ suspect that an unauthorized third party was involved, possibly to remove evidence of other wrongdoing related to the victim's abduction or death.

---

███████████████████████████████████████████████████████



13.     Authorities believe that identifying the individual who served as the victim's

████████████████ and/or ████████████ deleted the victim's ████████ account on ████████

██████ will further their investigation into her possible kidnapping and ████████████████

14.     The ███████████████████████████████████████████ is hosted

by PROVIDER.  In an effort to further their investigation, ████████████████ seek records

from PROVIDER.

### REQUEST FOR ORDER

15.     The facts set forth above show that there are reasonable grounds to believe that

the records and other information described in Part II of Attachment A are relevant and material

to an ongoing criminal investigation.  Specifically, these items will help ████████████████

identify and locate the individuals who are responsible for the criminal activity under

investigation and to determine the nature and scope of that criminal activity.  Accordingly, the

United States requests that PROVIDER be directed to produce all items described in Part II of

Attachment A to the proposed Order within ten days of receipt of the Order.

16.     In this matter, the United States also requests that the instant Amended

Application and the Order be filed under seal.  The Court has the inherent power to seal court

filings when appropriate, including the proposed Order.  *United States v. Hubbard*, 650 F.2d 293,

315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

More particularly, the Court may seal the Amended Application and Order to prevent serious

jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling

governmental interest in confidentiality.  *See Washington Post v. Robinson*, 935 F.2d 282, 287-

89 (D.C. Cir. 1991).  In addition, the Court is authorized to issue orders necessary for the

execution of a foreign request, including an order to seal the instant Amended Application and

6

Order, to protect the confidentiality of the foreign criminal investigation. *See* 18 U.S.C.

§ 3512(a).[4] As explained above, these documents discuss an ongoing criminal investigation

pursuant to foreign law in ███████  In addition, the information described in this amended

application is not known to the public. Public disclosure at this time may reveal the existence,

scope, and/or direction of ███████ ongoing investigation and cause serious jeopardy to the

investigation. For these reasons, the United States has a compelling interest in confidentiality to

justify sealing the Amended Application and Order.

<div style="margin-left: 40%;">

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: ███████████████

Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., ███████
Washington, D.C. 20530

███████████████

</div>

---

[4] When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would insure reciprocity in response to U.S. requests for assistance in its criminal investigations. *See, e.g.*, 155 CONG. REC. H10,093 (2009) (statement of Rep. Schiff). Section 3512, which codified past practice in relation to the execution of foreign requests for evidence, naturally encompasses the longstanding practice of maintaining the confidentiality of the foreign investigation, where possible. *See, e.g.*, *In re Letter of Request from the Government of France*, 139 F.R.D. 588, 592 (S.D.N.Y. 1991) (secrecy in executing foreign request is "essential to protect the French Court's criminal investigation").

**<u>Relevant Provisions</u>** 



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE ▮▮▮▮▮▮▮▮ ACCOUNT SERVICED BY ▮▮▮▮▮▮▮▮▮▮** | ML No. 20-1405 <br><br> **Filed Under Seal** |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the request from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ requesting that the Court issue an Order requiring ▮▮▮▮▮▮▮▮ ("PROVIDER"), an electronic communication service and/or a remote computing service provider located in ▮▮▮▮▮▮▮▮▮▮ to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED that the Amended Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Amended Application and this Order to appropriate foreign and domestic law enforcement authorities.

_____                                        _____
Date                                                                     United States Magistrate Judge

## ATTACHMENT A

### I.     The Account

The Order applies to certain records and information for any ████████████
("PROVIDER") account associated with the following identifier:

████████████████████

and any preserved data and/or preservation numbers associated therewith.

### II.     Records and other information to be disclosed

#### A.  Information about the customer or subscriber of the Account

PROVIDER is required to disclose to the United States the following records and other
information, if available, for each account or identifier listed in Part I of this Attachment (the
"Account") constituting information about the customer or subscriber of the Account:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses);

7. Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account for the time period from ▮▮▮▮▮▮ through ▮▮▮▮▮▮ ▮▮▮▮ constituting all records and other information relating to the Account (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; cookies with associated users; password changes; designation of the Account's legacy contact; source of the notification to PROVIDER that the Account holder was deceased; and source and destination IP addresses, including those used to delete, deactivate or request deletion or deactivation of the Account; and

2. Information about each electronic communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination e-mail addresses, IP addresses, and telephone numbers), and any other associated header or routing information.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE ▮▮▮▮▮▮▮▮▮ ACCOUNT SERVICED BY ▮▮▮▮▮▮▮▮▮** | ML No. 20-1405

**Filed Under Seal** |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the request from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ requesting that the Court issue an Order requiring ▮▮▮▮▮▮▮▮ ("PROVIDER"), an electronic communication service and/or a remote computing service provider located in ▮▮▮▮▮▮▮▮ to disclose the records and other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED that the Amended Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Amended Application and this Order to appropriate foreign and domestic law enforcement authorities.

2020.11.30
13:40:51
-05'00'

_____
Date

_____
United States Magistrate Judge

## ATTACHMENT A

**I.    The Account**

The Order applies to certain records and information for any ███████████

("PROVIDER") account associated with the following identifier:

███████████████████

and any preserved data and/or preservation numbers associated therewith.

**II.    Records and other information to be disclosed**

**A.  Information about the customer or subscriber of the Account**

PROVIDER is required to disclose to the United States the following records and other

information, if available, for each account or identifier listed in Part I of this Attachment (the

"Account") constituting information about the customer or subscriber of the Account:

1.   Names (including subscriber names, user names, and screen names);

2.   Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.   Local and long distance telephone connection records;

4.   Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.   Length of service (including start date) and types of service utilized;

6.   Telephone or instrument numbers (including MAC addresses);

7.   Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Account by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

8.   Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. All records and other information relating to the Account (except the contents of communications)**

PROVIDER is required to disclose to the United States the following records and other information, if available, for the Account for the time period from █████ through █████ █████ constituting all records and other information relating to the Account (except the contents of communications), including:

1. Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; cookies with associated users; password changes; designation of the Account's legacy contact; source of the notification to PROVIDER that the Account holder was deceased; and source and destination IP addresses, including those used to delete, deactivate or request deletion or deactivation of the Account; and

2. Information about each electronic communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination e-mail addresses, IP addresses, and telephone numbers), and any other associated header or routing information.

2