**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In Re Redacted Stored Communications Act, 18 U.S.C. § 2703(a), (c) & (d), Documents Pursuant to Standing Order No. 22-05 (BAH) | **Case No. 25-ml-9999** |

## NOTICE OF FILING REDACTED DOCUMENTS IN RELATION TO 22-ml-01285 UPON CLOSE OF INVESTIGATION

Pursuant to *Matter of Leopold*, D.D.C. Case No. 13-mc-00712, and Standing Order No. 22-05 (BAH), the government provides this Notice of Filing on the unsealed docket of the attached (see Attachment A) "Redacted Docket Materials," in 22-ml-01285, which consist of redacted versions of the following original docket entries:

- Application of the United States for an Order Pursuant to 18 U.S.C. § 2703(d) (Original ECF Dkt. No. 1)

- Proposed Order (Original ECF Dkt. No. 1-1)

- Signed Order (Original ECF Dkt. No. 2)

The items listed above constitute all the relevant documents to be unsealed upon the close of this investigation as set out in *Matter of Leopold*, D.D.C. Case No. 13-mc-00712.   In *Matter of Leopold*, D.D.C. Case No. 13-mc-00712, the Court addressed unsealing of several categories of sealed legal process related to closed investigations: "applications for warrants issued pursuant to the Stored Communications Act ('SCA'), 18 U.S.C. § 2703(a), SCA § 2703(d) orders, pen registers and trap and trace ('PR/TT') devices, *see id.* § 3123, and foreign requests for use of these investigative authorities, pursuant to Mutual Legal Assistance Treaties ('MLATs'), *see id.* § 3512(a)(2)(B)–(C), once those matters are closed."   2020 WL 7481037, ECF 69 at *1 (Dec. 17,

1

2020).   The Court noted that such unsealing could be accomplished by "fil[ing] redacted versions

of any documents . . . on a given docket, and then . . . fil[ing] a motion to unseal the case docket

indicating the matter is closed and identifying, by filed document number, the unredacted versions

of the government-redacted documents to remain under seal."   *Id*. at *3; *see also id*. at *5

(contemplating a government "motion to unseal, indicating that a case is closed and signaling to

the Clerk's Office to unseal the case," which motion will "identify each docket entry, *i.e.*, ECF

number" to be unsealed, and which should remain sealed).[1]

---

[1] In connection with such unsealing, the D.C. Circuit noted that "the government and court must
be able to redact documents in order to protect privacy and law enforcement interests," *Matter of
Leopold*, 964 F.3d 1121, 1133 (D.C. Cir. 2020).   Specifically, the Court "ORDERED that the
government redact the following information" from filings to be unsealed:

> (1) individuals' names, except for the name of a judicial officer who has issued an
> order;
> (2) dates of birth;
> (3) Social Security numbers;
> (4) financial account numbers;
> (5) telephone numbers;
> (6) street addresses;
> (7) email account addresses; and
> (8) any other information that directly or indirectly identifies the target of, or
> witness, investigator, informant, or other person of interest in, a criminal
> investigation, and regardless of whether the investigation ultimately resulted in
> criminal charges or a criminal conviction.

*See Matter of Leopold*, D.D.C. Case No. 13-mc-00712, ECF No. 71, slip op. at *15-*16 (Feb. 9,
2021).   In addition, in its *Matter of Leopold* ruling, the D.C. Circuit recognized that sealing – and
thus, by extension, redactions could continue to be appropriate to "protect . . . law enforcement
interests."   964 F.3d at 1133.

As these documents are hereby filed on the unsealed docket created for purposes of filings pursuant to *Leopold*, the attached redacted documents are now available to the public.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____

Christopher J. Fallon
VA Bar Number 85840
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 300
Washington, D.C. 20530
(202) 794-2080 telephone
Christopher.Fallon@usdoj.gov

3

# ATTACHMENT

# A

*Redacted Docket Materials*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE ACCOUNT SERVICED BY** ████████ | ML No. **22-ml-1285** **Filed Under Seal** |

*Reference:* **DOJ Ref.** ████████ **Subject Account:** ████████

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and ████████ ████████ ████████ ████████ ████████ to execute a request from ████████ The proposed Order would require ████████ ("PROVIDER"), an electronic communication service and/or remote computing service provider located in ████████ to disclose certain records and other information pertaining to the PROVIDER account(s) associated with ████████ ████████ as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other

information to be disclosed are described in Part II of Attachment A to the proposed Order.  In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.  PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.  ██████████████████████████ this Court has jurisdiction to issue the proposed Order. ████████████████████████████████████████████
In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d).  Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.  Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute ▋▋▋▋ request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by ▋▋▋▋▋▋ in connection with a criminal investigation and/or prosecution.

4.      A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

**RELEVANT FACTS**

5.      ▋▋▋▋▋▋▋ are investigating an unknown suspect(s) ("the Suspect") for fraud offenses, which occurred in ▋▋▋▋ in violation of the criminal law of ▋▋▋▋▋▋▋▋ A copy of the applicable law is appended to this application. The United States, through the Office of International Affairs, received a request from ▋▋▋ to provide the requested records to assist in the criminal



---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

investigation and/or prosecution. ██████████████████████████████

██████████████████████

6.  According to ███████████████ on ███████████████ a ████████

individual ("the Victim") received ████████ message that appeared to originate from his bank,

but was in reality sent by the Suspect.  The message contained phishing ████ to ████████

██████████████████████████

7.  The Victim ████████ one of the ███████████ in the message, and ████████ that

resembled his real bank appeared.  The Victim entered his bank login information, believing that

he was logging into his real bank account.

8.  On the same day, as part of the verification process in order to log into his

account, the Victim received a phone call from the Suspect, who claimed that he worked for the

Victim's bank.  The Suspect asked the Victim for his ████████████████████████████

████████████████████████████████████████ The Victim received the

████ through a text message sent to his cell phone, and relayed it to the Suspect.  The Suspect

was then able to use the Victim's login credentials, obtained through ██████████ and the

████ to access the Victim's account.  The Suspect then initiated a transfer of ████████

██████████████████ from the Victim's bank account to an account serviced

by ██████████████████ The Suspect attempted further transfers amounting

to ██████████████████████ that were not successful.

9.  ████████████ requested information about the account that the Victim's

money was transferred into from ████████ According to ████████ the Suspect had registered

the account using a ████████ passport that had been edited to show the Victim's name

4

photograph. The Suspect had registered the account using the ███ account
█████████████████



10.     ████████████ then contacted ████ the provider for the ███ account
████████████████ According to information provided by ████ the last login to that ██
██ account was on ████████ from ████████████████ serviced by
██████

11.     ████████████ requested information about the subscriber of ████████
████████ from ████████ informed ████████████ that the subscriber of
████████████ had rented ████████ not only ██████ having
████████████ but also ██████ having ████████████

12.     ████████████ seized both of those servers and analyzed their contents. They
were able to see in the browser history logs of the server with ████████████ that the
Suspect had used the ████ account ████████████████████
████████████████ with PROVIDER.

13.     Accordingly, ████████████ now seek certain records from PROVIDER for
████████████████████████████████
serviced by PROVIDER, in order to identify and locate the unknown suspect(s).

## REQUEST FOR ORDER

14.     The facts set forth above show that there are reasonable grounds to believe that
the records and other information described in Part II of Attachment A are relevant and material
to an ongoing criminal investigation. Specifically, these items will help ████████████
identify and locate the individual(s) who are responsible for the criminal activity under
investigation, and to determine the nature and scope of that criminal activity. Accordingly, the

United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

15.     The United States further requests that the Order direct PROVIDER not to notify any person, including the subscriber or customer of each account listed in Part I of Attachment A, of the existence of the application of the United States or the Order for two years from the date of the Court's Order.  *See* 18 U.S.C. § 2705(b); 18 U.S.C. § 3512(a).  This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order."  *See* 18 U.S.C. § 2705(b).[2]  In addition, this Court has the authority under 18 U.S.C. § 3512(a) to issue "such orders as may be necessary to execute a [foreign] request," including an order to protect the confidentiality of the foreign request here.[3]  18 U.S.C. § 3512(a)(1); ███████████████████████████

█████████████████████████████████████

16.     In this case, the proposed Order seeks information relevant to establishing the

---

[2]  The government relies on § 2705(b) to seek a preclusion-of-notice order because the government is requesting only non-content information pursuant to § 2703(d), an action which is authorized by § 2703(c).  *See* 18 U.S.C. § 2703(c)(1)(B) ("governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when [it] . . . obtains a court order for such disclosure under subsection (d) of this section").  Under § 2703(c), the government has no obligation to notify the subscriber.  *See* 18 U.S.C. § 2703(c)(3) ("governmental entity receiving records or information under this section is not required to provide notice to a subscriber or customer").

[3]  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would insure reciprocity in response to U.S. requests for assistance in its criminal investigations.  *See, e.g.*, 155 CONG. REC. H10,093 (2009) (statement of Rep. Schiff).  Section 3512, which codified past practice in relation to the execution of foreign requests for evidence, naturally encompasses the longstanding practice of maintaining the confidentiality of the foreign investigation, where possible.  *See, e.g.*, *In re Letter of Request from the Government of France*, 139 F.R.D. 588, 592 (S.D.N.Y. 1991) (secrecy in executing foreign request is "essential to protect the French Court's criminal investigation").

illegal activity under investigation and identifying the individual(s) responsible. Accordingly, disclosure may reveal the existence, scope, and direction of ████████ ongoing and confidential investigation. Once alerted to this investigation, the potential target(s) could be immediately prompted to destroy or conceal incriminating evidence, alter their operational tactics to avoid future detection, and otherwise take steps to undermine the investigation and avoid future prosecution. In particular, given that they are known to use electronic communication and remote computing services, the potential target(s) could quickly and easily destroy or encrypt digital evidence relating to their criminal activity. Notification could also result in the target(s) traveling to countries from which they cannot be extradited.

17.     Therefore, based on the foregoing, there are reasonable grounds to believe that notification of the existence of this Order would result in flight from prosecution, destruction of or tampering with evidence, or other serious jeopardy to this investigation. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

18.     In addition, the two-year time period for preclusion of notice is reasonable. As explained above, these documents discuss an ongoing criminal investigation pursuant to foreign law in the requesting country. Foreign investigations are often lengthy, and the United States does not have ready access to the status of such investigations. Additionally, during the two-year time period, the United States will need to serve the production Order on PROVIDER, obtain PROVIDER's responsive documents, resolve any issues or questions regarding the production, and send the documents to the Central Authority for mutual legal assistance requests in ████████████████ Central Authority then will have to provide the documents to the investigating judge, prosecutor, and/or investigator assigned to the particular matter, who will need time to review the information provided and pursue any investigative leads, prior to

disclosure of the specific assistance sought by ███████████ to the account holder(s).[4]

19.     Accordingly, this Court should command PROVIDER not to notify any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) of the existence of the proposed Order for a period of two years (commencing on the date of the Order), unless the period of nondisclosure is later modified by the Court.

20.     In this matter, the United States also requests that the instant Application and the Order be filed under seal.  The Court has the inherent power to seal court filings when appropriate, including the proposed Order.  *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality.  *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991).  In addition, the Court is authorized to issue orders necessary for the execution of a foreign request, including an order to seal the instant Application and Order, to protect the confidentiality of the foreign criminal investigation.  ████████████ 18 U.S.C. § 3512(a); *see also In re Letter of*

---

[4]  With many foreign counterparts, ████████████████████████
██████

*Request from the Government of France*, 139 F.R.D. at 592. For these reasons, the United States

has a compelling interest in confidentiality to justify sealing the Application and Order.

              Respectfully submitted,

              VAUGHN A. ARY
              DIRECTOR
              OFFICE OF INTERNATIONAL AFFAIRS
              OK Bar Number 12199

By

              Office of International Affairs
              Criminal Division, Department of Justice
              1301 New York Avenue, N.W.,
              Washington, D.C. 20530

**Relevant Provision** 

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA PURSUANT
TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR
ONE ACCOUNT SERVICED BY
███████████████

ML No. **22-ml-1285**

**Filed Under Seal**

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. §§ 2703(d) and

3512(a), and ██████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

████████████ requesting that the Court issue an Order requiring

████████████ ("PROVIDER"), an electronic communication service and/or a remote

computing service provider located in ████████████ to disclose the records and

other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing

that there are reasonable grounds to believe that the records or other information sought are

relevant and material to an ongoing criminal investigation.  Furthermore, the Court determines

that there is reason to believe that notification of the existence of this Order will seriously

jeopardize the ongoing investigation, including by giving targets an opportunity to flee or

continue flight from prosecution, and destroy or tamper with evidence.  See 18 U.S.C.       §

2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), that

PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the

records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 2705(b) and 3512(a), that

PROVIDER shall not disclose the existence of the application of the United States or this Order

of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving

legal advice) for a period of two years (commencing on the date of this Order), unless the period

of nondisclosure is later modified by the Court.

IT IS FURTHER ORDERED that the Application and this Order are sealed until

otherwise ordered by the Court, except that the United States may disclose the existence and/or

contents of the Application and this Order to appropriate foreign and domestic law enforcement

authorities.


_____
Date

_____
Robert B. Collings
United States Magistrate Judge

# ATTACHMENT A

## I.  The Accounts

The Order applies to certain records and information for any ██████████ ("PROVIDER") account(s) associated with the following identifiers:

████████████████████████████████████████████████

██████████

and any preserved data and/or preservation numbers associated therewith.

## II.  Records and other information to be disclosed

### A.  Information about the customer or subscriber of the Accounts

PROVIDER is required to disclose to the United States the following records and other information, if available, for each account or identifier listed in Part I of this Attachment (the "Accounts"), from the date each Account was created to the present, unless otherwise specified below, constituting information about the customer or subscriber of the Accounts:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3. Local and long distance telephone connection records (including records of text messages sent and received);

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses);

7. Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Accounts by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE ACCOUNT SERVICED BY ▮▮▮▮▮▮▮▮ | ML No. **22-ml-1285** <br><br> **Filed Under Seal** |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. §§ 2703(d) and

3512(a), and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ requesting that the Court issue an Order requiring

▮▮▮▮▮▮▮▮▮▮ ("PROVIDER"), an electronic communication service and/or a remote

computing service provider located in ▮▮▮▮▮▮▮▮▮▮▮ to disclose the records and

other information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts showing

that there are reasonable grounds to believe that the records or other information sought are

relevant and material to an ongoing criminal investigation.  Furthermore, the Court determines

that there is reason to believe that notification of the existence of this Order will seriously

jeopardize the ongoing investigation, including by giving targets an opportunity to flee or

continue flight from prosecution, and destroy or tamper with evidence.  See 18 U.S.C.     §

2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), that PROVIDER shall, within ten days of receipt of this Order, disclose to the United States the records and other information described in Attachment A to this Order.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 2705(b) and 3512(a), that PROVIDER shall not disclose the existence of the application of the United States or this Order of the Court to any other person (except attorneys for PROVIDER for the purpose of receiving legal advice) for a period of two years (commencing on the date of this Order), unless the period of nondisclosure is later modified by the Court.

IT IS FURTHER ORDERED that the Application and this Order are sealed until otherwise ordered by the Court, except that the United States may disclose the existence and/or contents of the Application and this Order to appropriate foreign and domestic law enforcement authorities.

2022.12
.05
13:07:4
8 -05'00'

_____
Date

_____
Robert B. Collings
United States Magistrate Judge

**ATTACHMENT A**

## I.   The Accounts

The Order applies to certain records and information for any ███████████

("PROVIDER") account(s) associated with the following identifiers:

██████████████████████████████████████████████████████

██████████

and any preserved data and/or preservation numbers associated therewith.

## II.   Records and other information to be disclosed

### A.   Information about the customer or subscriber of the Accounts

PROVIDER is required to disclose to the United States the following records and other

information, if available, for each account or identifier listed in Part I of this Attachment (the

"Accounts"), from the date each Account was created to the present, unless otherwise specified

below, constituting information about the customer or subscriber of the Accounts:

1.   Names (including subscriber names, user names, and screen names);

2.   Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3.   Local and long distance telephone connection records (including records of text messages sent and received);

4.   Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5.   Length of service (including start date) and types of service utilized;

6.   Telephone or instrument numbers (including MAC addresses);

7.   Other subscriber numbers or identities (including the registration IP address), including any current or past accounts linked to the Accounts by telephone number, recovery or alternate e-mail address, IP address, or other unique device or user identifier; and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.